IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ROBERT DEMOS,

    **Plaintiff,**

v.                                                   CASE NO. 24-3011-JWL

DONALD JOHN TRUMP,
Former U.S. President,

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner incarcerated at the Stafford Creek Correctional Facility in Aberdeen, Washington. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff names former U.S. President Donald John Trump as the sole defendant, and alleges that on January 6, 2020, Defendant engaged in insurrection, rebellion, and treason, during "the infamous Wash, D.C. Capitol Riots." (Doc. 1, at 4, 7.) Plaintiff claims that this "shut down" the Washington, D.C. Courts and the U.S. Justice Department, violating a republican form of government and preventing Plaintiff from petitioning the government for redress of grievances. *Id*. at 6–7.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly,

---

[1] *See Demos v. John Doe/Manufacturer/Skoal/Copenhagen Pipe & Tobacco,* 118 F. Supp. 2d 172 (D. Conn. 2000) (finding plaintiff subject to § 1915(g) and citing cases); *see also Demos v. Keating*, 33 F. App'x 918, 2002 WL 121562 (10th Cir. 2002) (finding plaintiff subject to § 1915(g), noting he "is a most frequent filer, including over 134 civil

he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

rights lawsuits throughout the United States," and enjoining him from proceeding pro se as a petitioner or appellant in that court unless he obtained prior permission to do so).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 23, 2024,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated January 25, 2024, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**